FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

97 MAR 14  AM 11:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

JERRY DIXON,                    )
    Plaintiff(s);               )
                                )
-vs.-                           )       No. CV 96-P-1915-S
                                )
CITY OF HOOVER; NICK DERZIS,    )
POLICE CHIEF, CITY OF HOOVER,   )
    Defendant(s).               )

ENTERED

MAR 14 1997

## OPINION

For the following reasons, the Defendants' Motion to Dismiss is hereby GRANTED. Because affidavits were submitted by both the Defendants and the Plaintiff, the Court has treated the Motion to Dismiss as one for Summary Judgment.

### Facts[1]

The Plaintiff Jerry Dixon ("Dixon") filed a complaint on July 24, 1996 alleging that on July 25, 1995, while he was incarcerated in the Hoover City Jail, a bunk bed fell on him. As against the Defendant City of Hoover and Defendant Police Chief Derzis ("Derzis"),[2] the entire Count against them consists of the following statement: "The Plaintiff had his civil rights violated by the unsafe conditions at the jail facility, to wit, the falling upper bunk or bed, by the failure of the administration to furnish adequate and continuing medical care, and other violations of his civil rights."

---

1. The recitation of "facts" is based upon the presented materials viewed in the light most favorable to the Plaintiff.

2. The complaint also contains claims against "fictitious parties who installed the bunk beds." This opinion and accompanying order are applicable only to the Defendant City of Hoover and Chief Derzis. Dixon may have state law claims against the individuals who installed the bunk beds. However, the complaint only attempts to state civil rights claims against the City and Derzis.

11

On October 2. 1996, the Defendants filed a Motion to Dismiss arguing that the complaint fails to state a claim. On November 22, 1996, Dixon filed a motion to postpone hearing of the Defendants' Motion to Dismiss which the Court granted. The matter was taken up for consideration on the Court's December Motion Docket. After which, Dixon again requested that hearing on the Motion be delayed. The Motion was carried forward to the Court's February Motion Docket.

## Analysis

As a rule, claims against government officials are treated as claims against the governmental entity and is not a suit against the official personally. *Kentucky v. Graham*, 473 U.S. 159 (1985). In this case, Dixon alleges violations of his civil rights by Defendant Derzis in his official capacity as Chief of Police for the City of Hoover. Since Dixon has named the City of Hoover as a Defendant, the claims against Derzis are unnecessary. Therefore, Defendant Derzis's Motion for Summary Judgment is due to be granted for the claims against him in his official capacity.[3]

Under 42 U.S.C. §1983,[4] a municipality cannot be held liable solely under a theory of respondeat superior. *Monell v. New York City Dept. of Social Serv.*, 436 U.S. 658 (1978). A plaintiff must identify a discriminatory policy or custom on the part of the city the implementation of which resulted in the Plaintiff's injury. *Monell v. New York City Dept. of Social Serv.*, 436 U.S. 658 (1978). The thrust of Dixon's complaint is that the City failed to maintain the jail in

---

3. Although the complaint fails to state whether Defendant Derzis is sued in his official or individual capacity, Count II, the only mention of Derzis, describes him as an official of the City of Hoover who maintains the City's police facilities. Since there are no factual allegations concerning Derzis, the Court has addressed the claims against Derzis as ones in his official capacity only.

4. In Count II, Dixon has failed to identify what civil rights were allegedly violated. He simply states that the jurisdiction is conferred by 42 U.S.C. §1983.

2

a safe condition and a failure to provide "adequate and continuing medical care." However, Dixon offers no evidence that any of the City's employees had knowledge prior to his accident that the bunk bed was loose from the wall or that it was in any way installed improperly. Dixon offers no evidence nor even any allegations that the City had a policy, custom, or practice to ignore improperly installed beds or of allowing employees to ignore improperly installed beds.

There is a similar lack of factual allegations concerning the "failure to furnish adequate and continuing medical care." In his affidavit submitted in opposition to the Motion, Dixon admits that he was taken to Cooper-Green Hospital and treated there for his injuries. Dixon apparently does not contend that he was denied medical treatment immediately after the incident occurred or that the care he received at the hospital was inadequate. Dixon appears to be complaining about the lack of continuing medical care. Dixon does not allege that any doctors required that he return to the hospital or that he asked to return to the hospital while he was at the jail and that the jailers refused his request. Dixon does not cite what civil right this omission of "continuing medical care" violated especially where it appears that the doctors did not recommend it or that he did not request it. Therefore, the Defendant City is granted summary judgment Dixon's 42 U.S.C. § 1983 claim.

Dated: March 14, 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
  Ms. Joan B. Singleton
  Mr. Jack H. Harrison

3